**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Marcelino Gaspar, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 16-CV-2835 |
| - vs. – | **COMPLAINT** |
| Sabor Brooklyn LLC d/b/a Ideya Brooklyn, Lauryn Small and Mirko Berlosa, | |
| Defendants. | |

Plaintiff Marcelino Gaspar, by and through his undersigned attorneys, for his complaint against defendants Sabor Brooklyn LLC d/b/a Ideya Brooklyn, Lauryn Small and Mirko Berlosa, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiff Marcelino Gaspar alleges on behalf of himself and on behalf of other similarly situated current

and former employees of defendants Sabor Brooklyn LLC d/b/a Ideya Brooklyn, Lauryn Small and Mirko Berlosa, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Gaspar further complains that he is entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (ii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law, (iii) compensation for defendants' violation of the Wage Theft Prevention Act, (iv) compensation for unpaid wages, and (v) liquidated damages pursuant to New York Labor Law for these violations.

**THE PARTIES**

3.   Plaintiff Mr. Gaspar is an adult individual residing in New York, New York.

4.   Mr. Gaspar consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); Mr. Gaspar's written consent is attached hereto and incorporated by reference.

5.   Upon information and belief, defendant Sabor Brooklyn LLC d/b/a Ideya Brooklyn ("Ideya") is a New York corporation with a principal place of business at 636 Carlton Ave., Brooklyn, New York.

6.   At all relevant times, defendant Ideya has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 207(a).

7.   Upon information and belief, at all relevant times, defendant Ideya has had gross revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, defendant Ideya has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.   Upon information and belief, at all relevant times, defendant Ideya has constituted an "enterprise" as defined in the FLSA.

10.  Defendant Lauryn Small is an owner or part owner and principal of Ideya, who has the power to hire and fire

employees, set wages and schedules, and maintain their records.

11. Defendant Lauryn Small was involved in the day-to-day operations of Ideya and played an active role in managing the business.

12. Defendant Mirko Berlosa is an owner or part owner and principal of Ideya, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Defendant Mirko Berlosa was involved in the day-to-day operations of Ideya and played an active role in managing the business.

14. Defendants constituted "employers" of Mr. Gaspar as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Gaspar's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Gaspar's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

**COLLECTIVE ACTION ALLEGATIONS**

17.   Pursuant to 29 U.S.C. § 207, Mr. Gaspar seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since May 25 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.   The Collective Action Members are similarly situated to Mr. Gaspar in that they were employed by defendants as non-exempt restaurant workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

19.   They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

20.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

21.   At all relevant times herein, defendants owned and operated a restaurant in Brooklyn.

22.   Mr. Gaspar was employed by defendants from approximately August 2015 to May 2016.

23.   Mr. Gaspar was first hired as a porter, to clean the restaurant and kitchen, but after approximately two months he was assigned additional duties as a dishwasher and delivery person.   In roughly January 2016 he was reassigned to food preparation.

24.   Mr. Gaspar's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

25.   At all relevant times herein, Mr. Gaspar was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26.   Mr. Gaspar's regular schedule varied over time. When he worked as a porter, he worked five days per week, eight hours per day.

27. In October 2015, when Mr. Gaspar was given additional duties, his schedule was expanded to 7 days per week, approximately 10 hours per day, for a total of roughly 70 hours per week.

28. When Mr. Gaspar was reassigned to food preparation in January of 2016, his schedule was reduced to 5 days per week; two days per week he worked 8 hours, two days per week he worked 12 hours, and one day he worked 14 hours. As a result, he was working 54 hours per week.

29. Mr. Gaspar continued with that schedule for about three months, and then in April 2016 his schedule was reduced to three days per week.

30. As a result, from roughly October 2015 through March of 2016, Mr. Gaspar worked in excess of 40 hours per week each week.

31. In 2015, defendants did not provide a time clock, sign in sheet, or any other method for Mr. Gaspar to track his time worked. In 2016, defendants began requiring Mr. Gaspar to punch in and out on the computer each day.

32. Mr. Gaspar's pay arrangements changed as his schedule and responsibilities did. During the time he served as a porter, he was paid $100/day. From October through December 2015, when he was a dishwasher, delivery

person, and porter, he was paid $10/hour. From January 2016 until his employment ended, he was paid $14/hour.

33. Mr. Gaspar was paid wholly in cash in 2015. In 2016, defendants began paying him partly by check and partly in cash.

34. Mr. Gaspar did not receive paystubs when he was paid in cash, although he would be given a Post-It note that listed the amount of cash he was receiving. When he was paid by a combination of cash and check, he received paystubs that reflected only the check portion of his pay, and Post-It notes that listed the amount of cash he was receiving. The paystubs did not list his regular or overtime hours on them or his regular and overtime rates of pay.

35. In addition, defendants failed to pay Mr. Gaspar any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations. Instead, Mr. Gaspar received his straight rate of pay for all hours.

36. Defendants' failure to pay Mr. Gaspar the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

37.   During the January – March 2016 time period, Mr. Gaspar worked three shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day he worked shifts lasting longer than ten hours in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

38.   Defendants failed to provide Mr. Gaspar with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

39.   Defendants failed to provide Mr. Gaspar with accurate weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

40.   The final two paychecks provided to Mr. Gaspar by defendants bounced.  Although defendants reimbursed him for the first bounced check (and incurred bank fees) they failed to do so for the second.  As a result, Mr. Gaspar was not paid for roughly 15 hours for his final week of work.

41. Upon information and belief, throughout the period of Mr. Gaspar's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Gaspar (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

42. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

43. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

44. Upon information and belief, these other individuals were not provided with required annual or accurate weekly wage notices as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

45. Upon information and belief, while defendants employed Mr. Gaspar and the Collective Action members, and

through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

<u>**COUNT I**</u>

**(Fair Labor Standards Act - Overtime)**

46. Mr. Gaspar, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, defendants employed Mr. Gaspar and each of the Collective Action Members within the meaning of the FLSA.

48. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

49. As a result of defendants' willful failure to compensate their employees, including Mr. Gaspar and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have

violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

50.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

51.   Due to defendants' FLSA violations, Mr. Gaspar and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Overtime)

52.   Mr. Gaspar repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53.   At all relevant times, Mr. Gaspar was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54.   Defendants willfully violated Mr. Gaspar's rights by failing to pay him full overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in

violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

55. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

56. Due to defendants' New York Labor Law violations, Mr. Gaspar is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Spread of Hours)

57. Mr. Gaspar repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Mr. Gaspar was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Mr. Gaspar's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

60. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61. Due to defendants' New York Labor Law violations, Mr. Gaspar is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Failure to pay wages)

62. Mr. Gaspar repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Mr. Gaspar was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64. Defendants willfully violated the rights of Mr. Gaspar by failing to pay him all of his wages owed, in violation of New York Labor Law § 191.

65. Defendants' failure to pay all wages owed, was willful, and lacked a good faith basis, within the meaning

of New York Labor Law § 198, § 663 and supporting regulations.

66. Due to defendants' New York Labor Law violations, Mr. Gaspar is entitled to recover from defendants his unpaid wages, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1)

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

67. Mr. Gaspar repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, Mr. Gaspar was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Defendants willfully violated Mr. Gaspar's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

70. Defendants willfully violated Mr. Gaspar's rights by failing to provide him with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

71.   Due to defendants' New York Labor Law violations relating to the failure to provide compliant, accurate wage statements, Mr. Gaspar is entitled to recover from the defendants statutory damages of $250 per day throughout his employment, up to the maximum statutory damages.

72.   Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Gaspar is entitled to recover from the defendants statutory damages $50 per day to the termination of his employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Gaspar respectfully requests that this Court grant the following relief:

a.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Gaspar and

his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

f. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g.  Damages for defendants' failure to pay Mr. Gaspar all of his wages earned, in violation of the New York Labor Law;

h.  Liquidated damages for defendants' New York Labor Law violations;

i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated:  May 25, 2016

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street

Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Ideya Brooklyn and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Ideya Brooklyn y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Marcelino Gaspar

Date:  May 25, 2016